# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADEL F. SAMAAN, M.D., | Case No. 2:17-cv-01723 DSF (AGRx) |
| Plaintiff, | **QUALIFIED HIPAA PROTECTIVE ORDER** |
| vs. | |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY; CIGNA HEALTH AND LIFE INSURANCE COMPANY; and DOES 1 through 100, | |
| Defendants. | |

1. In accordance with, and as defined by, the regulations promulgated under the Health Insurance Portability and Accountability Act, specifically 45 C.F.R. part 164.512(e)(1)(ii) and (v), the Court hereby enters a HIPAA Qualified Protective Order (QPO).

2. Pursuant to this QPO, all parties to this lawsuit are:

   a) prohibited from using or disclosing any protected heath information (PHI) produced or disclosed by a party in this case, for any purpose other than preparing for and conducting litigation of the above-styled lawsuit, including but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceedings in the case; and

   b) required to destroy all copies of the PHI (including permanent deletion of electronically-stored copies of the PHI), or to return them to the disclosing entity at the conclusion of the above-styled lawsuit.

3. For purposes of this QPO, "conclusion" is understood to include the time for any records retention requirement and statute of limitations applicable to a party or a party's counsel. "Litigation" is understood to include all appellate proceedings or the expiration of time to commence such appellate proceedings without appeal.

4. Pursuant to 45 C.F.R. part 164.512(e)(1)(i) and for purposes of HIPAA compliance, without waiver of any objection or privilege, the parties and their witnesses are expressly and specifically authorized to use or to disclose to the attorneys, agents, employees, experts, consultants, any witness or other person retained or called by the parties, treating physicians, other healthcare providers, and designees of each party or each party's legal counsel in this case PHI pertaining to the three (3) medical service claims referenced in the complaint.

5. The authorizations and orders set forth herein expressly include PHI concerning psychological, behavioral, and mental health treatment, disability status and developmental disabilities treatment, substance abuse and treatment history, genetic testing, and HIV/AIDS status and treatment, as well as records concerning other sexually transmitted diseases if so requested.

6. Pursuant to 45 C.F.R. section 164.512(e)(1)(i) and for purposes of HIPAA compliance, without waiver of any objection or privilege, any person or entity authorized or ordered above to use or disclose PHI with, to, or before any court reporter service, videographer service, translation service, photocopy service, document management service, records management service, graphics service, or other such litigation service, designated by a party or a party's legal counsel in this case. The protections and requirements of paragraph 2 of the QPO apply to such service providers. Each party or the party's legal counsel is charged with obtaining advance consent of such service to comply with this paragraph. Upon such consent, the service provider will be deemed to have voluntarily submitted to this Court's jurisdiction during the pendency of the above-styled matter for purposes of enforcement of this order.

7. Unless a motion for enforcement of the QPD has been filed in this case and remains pending at the time, the QPD shall expire upon the conclusion of the litigation as defined in paragraph 3.

8. This QPD self-executing and effective upon entry.

9. A copy of this QPD shall be valid as an original.

**IT IS SO ORDERED.**

DATED: May 18, 2017

_____*Alicia G. Rosenberg*_____
Hon. Alicia G. Rosenberg
United States Magistrate Judge

Submitted by:

Tammy C. Weaver (SBN 240536)
COLE PEDROZA LLP
2670 Mission Street, Suite 200
San Marino, CA 91108
Tel: (626) 431-2787
Fax: (626) 431-2788
Attorneys for Defendants
Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company